819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilbert C. LYNN, Plaintiff-Appellant,
v.
PENSION BENEFIT GUARANTY CORPORATION, Defendant-Appellee.
 No. 86-3182.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Lynn appeals the district court's grant of summary judgment to defendant-appellant Pension Benefit Guaranty Corporation ("PBGC") in Lynn's suit against PBGC under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001, et seq. We find that Lynn was not entitled to the benefits he claims are due him and accordingly, affirm the judgment of the district court.
 
 
 2
 Lynn was employed by the White Motor Corporation ("White") from August 1959 until he was laid off in September 1978 at the age of fifty-five. Lynn participated in the White Pension Plan for Salary Employees ("the plan"). When Lynn was laid off in 1978, White offered him several different options combining severance pay and pension benefits. Lynn was due to retire in June 1988 at age sixty-five. The first option offered to Lynn was to receive eleven weeks of severance pay, the normal period based on his years of service with White. He could then choose to wait until 1988 to begin receiving retirement benefits, at which point he would receive his full pension benefits monthly. White also had provisions for early retirement, whereby Lynn could choose to retire early and receive reduced pension benefits. The reductions would be actuarially calculated based on the date of early retirement to compensate for the longer period of benefit payments. These early retirement provisions allowed Lynn to select the date of early retirement.
 
 
 3
 Finally White had a provision for early retirement with full pension benefits. This provision required that the early retirement date be selected by the employer, White, rather than the employee, Lynn. White's final offer to Lynn was a reduced period of severance pay, five and a half weeks rather than eleven, and early retirement with full benefits under this provision with an early retirement date of April 1979.
 
 
 4
 Lynn refused all White's offers. He accepted severance pay for the full eleven week period, and filed an age discrimination suit against White. In August 1979, Lynn attempted to accept White's offer of the April 1979 early retirement date, offering to return the severance payments received after the five and a half week period. White offered to agree to that date, provided Lynn would drop the age discrimination suit. Lynn refused to drop the suit. White filed Chapter 11 bankruptcy proceedings in March 1981. Lynn's age discrimination claim was settled by the bankruptcy trustee for $10,000 and Lynn received an actual distribution of $4,100. PBGC was appointed statutory trustee for the pension plan after White went into bankruptcy.
 
 
 5
 Lynn requested the early retirement date of April 1979 with full pension benefits again in November 1981. White refused, responding that the plan did not provide for retroactive election of the early retirement date, and that Lynn was limited to choosing a prospective early retirement date with actuarially reduced benefits or waiting until his normal retirement date of June 1988 to receive full benefits. Lynn made the same request for the April 1979 early retirement date with full benefits to PBGC, now trustee of the plan, in 1984 and was again refused. He filed suit in district court under ERISA against PBGC claiming that it was refusing to pay him benefits to which he was entitled under the plan. Lynn argues that the plan requires only that White consent to the date of early retirement and not to the early retirement itself. He further argues that once White had chosen the early retirement date of April 1979, it could not withdraw its consent, and he was free to accept that date at any time.
 
 
 6
 The district court was not persuaded by Lynn's creative argument. The court found that White's consent was clearly required under the plan provision for early retirement with full pension benefits. Lynn did not accept the early retirement date when it was originally offered to him, and he did not have White's consent to the early retirement when he tried to accept it at a later time. Accordingly, Lynn is not entitled to the full pension, benefits he is claiming under the plan. The district court's grant of summary judgment to PBGC is AFFIRMED on the basis of Judge Bell's opinion of January 23, 1986.